227 F.2d 665
 The ARENA COMPANY, a Minnesota corporation, and Hardware Mutual Insurance Company of Minnesota, a Minnesota corporation, Appellants,
v.
MINNEAPOLIS GAS COMPANY, a Delaware corporation, Appellee.
A. A. BENNETT, Inc., a Minnesota corporation, Northwestern Fire & Marine Insurance Company, a Minnesota corporation, Badger Mutual Insurance Company, a Wisconsin corporation, Underwriters Insurance Company, an Illinois corporation, and General Insurance Company of America, a Washington corporation, Appellants,
v.
MINNEAPOLIS GAS COMPANY, a Delaware corporation, Appellee.
 No. 15418.
 No. 15419.
 United States Court of Appeals Eighth Circuit.
 December 13, 1955.
 
 Chester L. Nichols, George C. Mastor and Nichols, Mullin, Farnand & Lee, Minneapolis, Minn., filed brief for appellee.
 G. Aaron Youngquist, E. A. Danforth, F. W. Thomas, Youngquist, Furber, Comaford, Danforth & Clarkson, and Dorsey, Colman, Barker, Scott & Barber, Minneapolis, Minn., filed brief for appellants.
 Before GARDNER, Chief Judge, and SANBORN, Circuit Judge.
 PER CURIAM.
 
 
 1
 The appellee has moved to dismiss these appeals upon the ground that they were taken out of time. Notices of appeal were filed on July 26, 1955, from "final judgment entered * * * on July 1, 1955." The appellee asserts (1) that the decision or judgment, review of which is sought, actually became final and appealable on January 12, 1955, when the District Court determined, by findings, conclusions and order for judgment, that the defendant (appellee) was entitled to prevail, and (2) that, in any event, the decision or judgment became appealable not later than May 4, 1955, when the court denied the motion of the plaintiffs (appellants) for amended findings or for a new trial.
 
 
 2
 The cases, which arose out of the same state of facts and presented the same issues, were consolidated for trial and tried without a jury. The District Court on December 7, 1954, filed a memorandum decision covering both cases, determining that the defendant was entitled to judgment. On January 12, 1955, "Findings of Fact, Conclusions of Law and Order for Judgment" were entered. On the same day and, so far as the record shows, at the same time, an order was entered staying the entry of judgment for ninety days. A further stay of the entry of judgment to May 2, 1955, was entered on April 6, 1955.
 
 
 3
 The plaintiffs (appellants) on April 7, 1955, filed their motion for amended and additional findings or for a new trial. On April 27, 1955, the court entered an order staying the entry of judgment until the plaintiffs' motion was determined. The motion was heard on April 27. On May 2, a stay of the entry of judgment for thirty days was granted to afford an opportunity to the plaintiffs to decide whether to appeal. On May 4, 1955, the court entered an order denying in all respects the plaintiffs' motion for amended findings or a new trial.
 
 
 4
 On June 1, 1955, the court made and entered the following order:
 
 
 5
 "It appearing that plaintiff has decided to appeal, and to the end that they may have ample opportunity and time to prepare a narrative of the transcript and a printed record on which to base the appeal, it is hereby ordered that entry of Judgment herein be stayed for an additional 30 days from the date hereof."
 
 
 6
 On July 1, 1955, judgments were entered for the defendant pursuant to the findings of fact, conclusions of law and order for judgment made and entered January 12, 1955. Notices of appeal were filed July 26, 1955.
 
 
 7
 The question to be decided is not whether the findings of fact, conclusions of law and order for judgment filed and entered on January 12, 1955, if unaccompanied by an order staying the entry of judgment, would or might have constituted a final and appealable decision within the meaning of § 1291 of Title 28 U.S.C.A. The question is whether the findings, conclusions and order for judgment, in view of the contemporaneous order staying entry of judgment, was a final and appealable decision.
 
 
 8
 Rule 58 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides:
 
 
 9
 "* * * When the court directs that a party recover only money or costs or that all relief be denied, the clerk shall enter judgment forthwith upon receipt by him of the direction; * * *. The notation of a judgment in the civil docket as provided by Rule 79(a) constitutes the entry of the judgment; and the judgment is not effective before such entry. * * *"
 
 
 10
 While in these cases the Clerk on January 12, 1955, received and noted in the civil docket the filing of the findings, conclusions and order for judgment, he also, at or about the same time, received and noted the filing of the order staying the entry of judgment. That was a direction to him not to enter judgment, a direction which he was bound to observe. The Clerk necessarily made no notation of the entry of judgments during the periods covered by the various stay orders granted by the court. July 1, 1955, is the date when, in our opinion, the judgments first became effective, final and appealable.
 
 
 11
 It may be true that after May 4, 1955, when the District Court denied the plaintiffs' motion for amended findings or a new trial, no further stay of the entry of judgment should have been granted, but the fact is that a stay until July 1, 1955, was granted and that judgment in these cases was not entered until that date.
 
 
 12
 The motion to dismiss the appeals is denied.